[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#154)
The defendant moves for summary judgment asserting there was no written contract between the parties and no evidential basis from the course of conduct between them upon which to reasonably infer an implied contract.
The plaintiff counters arguing there is sufficient evidence upon which to find a contract between the parties either expressly by virtue of the language in the time sheets or by implication from the conduct of the parties over time in the context of industry standards and guidelines.
There is a substantial body of evidence presented. The court has reviewed it. In many instances the conduct of the parties is not in dispute. The dispute is over interpretation. Each side relies upon its own interpretation of the behavior of the parties over a nine-year relationship.
The dispositive issue is whether or not there was a meeting of the minds, express or implied, over the defendant's right to hire the plaintiff's employees. This is ultimately a question of intent beyond the scope of summary judgment.
Each side reads the same evidence differently. Beauty is in the eye of each beholder. The court finds the evidence equivocal and it should not engage in impermissible fact finding.
Agreement may be expressly stated or it can be implied from a course of conduct. Whether it exists here in either form remains an unresolved material of fact for the trier.
The movant's alternative waiver argument is also flawed. In the first instance it presumes a contract right contrary to the movant's claim that no contract limiting hiring existed. Moreover, waiver is predicated upon CT Page 4207 knowing and voluntary relinquishment. This also is a question of intent beyond the scope of this motion.
Summary Judgment is not a substitute for a court trial. The court's function here is issue recognition not issue resolution. Whether or not there was an express or implied contract limiting the movant's right to hire the plaintiff's employees remains for the trier of fact.
Motion denied.
Licari, J. CT Page 4208